SHELDEN *v.* SHATTUCK.

1. HUSBAND AND WIFE—RIGHT OF HUSBAND'S CREDITORS TO HIS EARNINGS.

Where an insolvent debtor, as a means of supporting his family, devotes his time to carrying on a business owned by his wife, the accumulations, as against his creditors, belong to the wife, especially when she puts her private fortune and her own labor into the business; and she has the right to turn her interest over to her children, should she choose to do so.[1]

2. SAME—CREDITOR'S BILL—EVIDENCE.

In a suit by a judgment creditor to reach property alleged to be equitably subject to his claim, it was contended by the complainant that the defendant's wife was the owner of a certain mortgage at the time of her death, and that defendant and his two children should share equally therein. It did not appear that the estate of the wife had been administered, and testimony that, during her lifetime, she had turned the mortgage over to her son, was not contradicted. *Held,* that it could not be said that the husband was entitled to a distributive share of the mortgage.

Appeal from Shiawassee; Montague, J. Submitted January 14, 1896. Decided February 18, 1896.

Judgment creditor's bill by Allan Shelden against Charles E. Shattuck and others. From a decree dismissing the bill, complainant appeals. Affirmed.

*James M. Goodell* and *G. R. Lyon* (*Hugh McCurdy,* of counsel), for complainant.

*Kilpatrick & Pond,* for defendants.

HOOKER, J. The complainant has been a judgment creditor of Charles E. Shattuck since 1873, the original judgment for $1,094.81 having been sued with sufficient

[1] A collection of the authorities bearing on the interest of a creditor in the personal services of his debtor will be found in a note to *Mayers* v. *Kaiser,* (Wis.) 21 L. R. A. 623.

frequency to perpetuate the claim.   At the time this suit was commenced, it amounted to upwards of $3,150.   An execution was issued June 28, 1893, and returned unsatisfied, whereupon this bill was filed to reach property alleged to be equitably subject to complainant's claim.

The testimony shows that, in 1876, Charles E. Shattuck was the owner of a house and lot, constituting his homestead, and very little else.   He was selling sewing machines for a salary of $40 or $45 per month.   He testified that at this time his wife had some money, and purchased a number of machines, and the business was continued in her name.   Mr. Shattuck managed the business, and she assisted, and Shattuck testified that he was to conduct the business for her, and was to have his living from it.   After a time the name was changed, and the parties professed to form a corporation, some sort of articles being filed, or, at least, stock issued, and annual reports were filed.   Mrs. Shattuck claimed to own most of the stock, a few shares being placed with a sufficient number of friends to make the requisite number of stockholders.   Subsequently Mrs. Shattuck transferred her interest to her son, Jesse C. Shattuck, who thereupon gave up his business of teaching at St. Clair, and returned home, and engaged in the business, in accordance with an agreement made with his mother when she transferred her interest to him.   In 1889 Mrs. Shattuck died.   A large amount of property has been accumulated in the business, which the complainant seeks to reach.

We are satisfied from the evidence that the defendant Charles E. Shattuck had no means except his homestead at the time the business was started, and that what he has had since has been drawn from that business; that his wife, on the contrary, has had considerable property from her father, who was in easy circumstances.   We may justly conclude from this record that Charles E. Shattuck has put no money or property into this business, but that its growth and the accumulation of property are due largely to his efforts and business sagacity.   If the com-

plainant is entitled to have this property applied upon his claim, it must be by reason of a right to have the products of Shattuck's labor thus applied.

Our attention is not called to any authority that holds that, where a debtor refuses to labor for the benefit of his creditor, the latter has a remedy, or that, if the debtor chooses to labor for another, any more than his wages can be reached. On the contrary, it has been held by this court that an insolvent may devote his time to carrying on a business owned by his wife, as a means of supporting his family. Where this is done, the accumulations may belong to the wife, especially when, as in this case, the wife puts her private fortune and her own labor into the business; and, when she chooses to turn her interest over to her child or children, it is her right to do so. We understand that this is not disputed, but that it is claimed that in this case this was in furtherance of the original design to conceal the husband's property, and keep it from his creditors.

It is contended that the husband has, at least, an interest in the homestead, which is subject to the complainant's claim. The evidence shows that the husband owned this up to 1890, when he gave a warranty deed of it to his son, warranting against all incumbrances except a mortgage of $1,500, and two other mortgages which the grantor agreed to settle. The amount of these is not shown definitely, but there is reason to believe that they aggregated some $600 or upwards, and that they were paid from the business. The $1,500 mortgage was given to Mrs. Shattuck's father in 1868, payable within four years, with interest payable annually. This mortgage was bequeathed to Mrs. Shattuck by her father's will, which was probated in Saginaw county in 1870. It is claimed that upon Mrs. Shattuck's death, in 1889, this mortgage belonged to her estate, and that her husband and her two children should share it equally. There is nothing to show that her estate was ever administered upon. Complainant's brief asserts that it was not.

Charles E. Shattuck testified that this mortgage was also turned over to Jesse C. Shattuck at the time the stock was transferred. There is no evidence to contradict this, and no question of Mrs. Shattuck's right to do so if she chose. Hence we cannot say that the husband was entitled to a distributive share of this mortgage.

We think the decree of the circuit court in chancery should be affirmed, with costs. Ordered accordingly.

The other Justices concurred.